IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02795-BNB

TYRONE DAVIS,

      Applicant,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Tyrone Davis, is a prisoner in the custody of the United States Bureau

of Prisons who currently is incarcerated at the United States Penitentiary, Administrative

Maximum, in Florence, Colorado.  Mr. Davis filed *pro se* a second amended application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 9) challenging the

validity of his criminal sentence in the United States District Court for the Southern

District of Georgia (Southern District of Georgia), the sentencing court.

On December 14, 2012, Magistrate Judge Boyd N. Boland entered an order

(ECF No. 13) directing Mr. Davis to show cause within thirty days why this action should

not be dismissed because he has an adequate and effective remedy in the sentencing

court pursuant to 28 U.S.C. § 2255.  To the extent the December 14 show-cause order

granted Mr. Davis leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the

order will be vacated because he paid the $5.00 filing fee (ECF No. 12) the previous

day.  On January 14, 2013, Mr. Davis submitted his response (ECF No. 14) to the

show-cause order.

The Court must construe Mr. Davis's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the application will be denied and the action dismissed.

Mr. Davis attacks his federal sentence in the second amended application.  He

asserts that the trial court lacked jurisdiction to use his nonjury juvenile adjudications to

enhance his sentence beyond the maximum guideline range.  In support of this claim,

he cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542

U.S. 296 (2004).  He also asserts that the trial court lacked jurisdiction to impose any

sentence enhancements in the absence of advance notice from the United States

Attorney in accordance with 21 U.S.C. § 851(a)(1), which concerns proceedings to

establish prior convictions.

According to the PACER website, www.pacer.pcl.gov, Mr. Davis was convicted in

the Southern District of Georgia, Case No. 92-cr-00029-JRH-JEG, on charges of

conspiracy to distribute controlled substances.  Mr. Davis was sentenced to 360 months

in prison.  Judgment was entered on the docket on June 17, 1993.  The United States

Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed his conviction but

remanded the case to the Southern District of Georgia for resentencing.  He was

resentenced to 360 months' imprisonment.  The Eleventh Circuit affirmed his sentence.

Mr. Davis filed a motion pursuant to 28 U.S.C. § 2255, which the district court

denied.  He did not appeal that denial.  Mr. Davis later filed a motion pursuant to Rule

60(b) of the Federal Rules of Civil Procedure, which the district court also denied.  Mr.

Davis then filed an application for leave to file a second or successive § 2255 motion,

which the Eleventh Circuit denied.  On February 28, 2008, he filed a motion pursuant to

18 U.S.C. § 3582(c)(2) to reduce his sentence based on the retroactive crack cocaine

amendments to the United States Sentencing Guidelines.  The district court granted Mr.

Davis's motion, and on March 12, 2008, reduced his sentence to 292 months'

imprisonment.

On October 27, 2008, Mr. Davis filed in the Southern District of Georgia a motion

requesting dismissal of prior convictions obtained when he was a juvenile based on the

"youth act."  *See* No. 92-cr-00029-JRH-JEG, ECF No. 935 at 1.  On January 16, 2009,

the district court adopted the magistrate judge's Report and Recommendation, dated

December 2, 2008, and dismissed the motion.

On May 18, 2010, Mr. Davis filed a § 2241 application in the Southern District of

Georgia.  On June 11, 2010, the Southern District of Georgia transferred the action to

this Court, which dismissed the action because Mr. Davis had an adequate and

effective remedy pursuant to § 2255 in the Southern District of Georgia and because he

failed to prosecute.  *See Davis v. Davis*, No. 10-cv-01445-ZLW (D. Colo. Sept. 7, 2010),

ECF No. 9 in No. 10-cv-01445-ZLW at 2.  The claims Mr. Davis raises in the instant

action are similar to those raised in No. 10-cv-01445-ZLW.  "[T]he court is permitted to

take judicial notice of its own files and records, as well as facts which are a matter of

public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th

Cir.2000), *abrogated on other grounds by  McGregor v. Gibson*, 248 F.3d 946, 955

(10th Cir. 2001).

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence."  *Id.* (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson*, 347 F.2d at 366.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw*, 86 F.3d at 166).  The narrow reading of the savings clause is well established in the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).

Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, 634 F.3d at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.").

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Mr. Davis does not assert any of these circumstances.

Another circumstance in which the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent.  *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The Tenth Circuit, however, has declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94.  Furthermore, both the erroneous circuit foreclosure test and a novel argument for relief are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241.  *Prost*, 636 F.3d at 593-94.

Finally, Mr. Davis bears the burden of demonstrating that the remedy in § 2255 is

inadequate or ineffective.  *Id.* at 584.  The fact that Mr. Davis has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective, *see Bradshaw*, 86 F.3d at 166 (quoting *Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."), despite Mr. Davis's argument to the contrary in the January 4 response to the show-cause order.  ECF No. 14 at 6. Furthermore, the fact that Mr. Davis likely is barred from raising his claim in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.

"[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself inadequate or ineffective to the task of providing the [applicant] with a chance to test his sentence or conviction." *Prost*, 636 F.3d at 587.  Nothing Mr. Davis asserts supports a finding that his initial § 2255 motion was inadequate or ineffective.  Therefore, the second amended application will be denied and the action dismissed because Mr. Davis has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Davis files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that, to the extent the order to show cause of December 14, 2012 (ECF No. 13), granted Mr. Davis leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the order is vacated because he paid the $5.00 filing fee (ECF No. 12) on December 13, 2012.  It is

FURTHER ORDERED that the second amended habeas corpus application pursuant to 28 U.S.C. § 2241 is denied and the action dismissed because Applicant, Tyrone Davis, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Georgia.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED January 11, 2013, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court